IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| FEDERICA FACCHETTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:15-cv-00049 |
| | ) | |
| TYLER L. VEST, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case involves an incident at Bridgewater College, in which defendant Tyler Vest allegedly sexually assaulted plaintiff Federica Facchetti, a fellow student, in her on-campus dorm room. Facchetti asserts claims of battery, intentional infliction of emotional distress, and negligent infliction of emotional distress, and has demanded attorney's fees in addition to damages in each count of her amended complaint. (Am. Compl., Dkt. No. 94.) In his motion, Vest asks the court to either dismiss Facchetti's demands for attorney's fees pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, to strike them from the complaint under Rule 12(f). (Dkt. No. 95.) For the following reasons, the court concludes that neither rule provides a method by which to eliminate a claim to attorney's fees, and will thus deny Vest's motion without prejudice.

In his motion, Vest relies on the general rule that "attorney's fees are not recoverable by a prevailing litigant from a losing litigant," at least "absent a specific contractual or statutory provision to the contrary." *Chacey v. Garvey*, 781 S.E.2d 357, 360 (Va. 2015) (citations omitted). (Def.'s Mot. to Dismiss 2, Dkt. No. 95.) Because Facchetti is not entitled to these

fees, Vest's argument continues, they should be dismissed or struck from the damages sought in the amended complaint. (*Id.* at 3.)

In her response, Facchetti seems to acknowledge that she is not entitled to recover attorney's fees. Indeed, nowhere does she even ask or argue that the court should deny the motion to dismiss. Instead, she explains that the claim for fees "was asserted to protect [her] interests" because "the amount of attorney's fees incurred is a relevant factor with respect to" her claims for punitive damages. (Resp. 2, Dkt. No. 98.) In support of this, she cites to two cases in which courts explained that the cost of pursuing a legal claim is a factor for the jury to consider in making a punitive damages assessment: *Johnson v. Hugo Skateway*, 974 F.2d 1408, 1418 (4th Cir. 1992), and *Colodny v. Wines Constr.*, 33 Va. Cir. 321, 332 (Va. Cir. Ct. 1994). Thus, she simply urges that "any order dismissing [her] claims for attorney's fees should in no way impair [her] punitive damages claim."

In his reply, Vest does not seem to appreciate the nuance of Facchetti's argument, or at least does not interpret it the same way the court does. The reply is devoted to arguing that every case cited by Facchetti is distinguishable and reiterating that attorney's fees are not recoverable for the types of claims asserted by Facchetti. (Dkt. No. 99.)

Neither party addresses whether Rule 12(b)(6) or Rule 12(f) can even provide the remedy Vest seeks, *i.e.*, the striking of a specific remedy sought by Facchetti. But several judges of this court, including the undersigned, have recognized that Rule 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety. *See Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629, 631–32 (W.D. Va. 2014) (Urbanski, J.); *Debord v. Grasham*, No. 1:14-cv-39, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014) (Jones, J.) (agreeing with the *Charles* court "that a Rule

12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law"); *Downs v. Winchester Med. Ctr.*, 21 F. Supp. 3d 615, 620 (W.D. Va. 2014) (Urbanski, J.) ("[T]he question of punitive damages is not properly addressed on a motion to dismiss."); *Bocock v. Specialized Youth Servs. of Va. Inc.*, No. 5:14-cv-50, 2015 WL 1611387 (W.D. Va. Apr. 10, 2015) (Dillon, J.) (denying a Rule 12(b)(6) motion to dismiss a claim for emotional distress damages).[1]

Other courts, too, have recognized that Rule 12(b)(6) does not allow the dismissal of a request for a remedy. *See, e.g., Schmidt v. C.R. Bard, Inc.*, No. 6:14-cv-62, 2014 WL 5149175, at *7–8 (S.D. Ga. Oct. 14, 2014) (noting that a Rule 12(b)(6) motion is improper for dismissal of a prayer for relief, and disagreeing with cases to the contrary); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012) (finding that damages are not subject to 12(b)(6) dismissal because a prayer for relief is not part of the cause of action); *Oppenheimer v. Sw. Airlines Co.*, 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013) (stating that "requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)").

For the reasons explained in *Charles* and in this court's prior decision in *Bocock*, the court concludes that Rule 12(b)(6) does not permit it to dismiss a specific remedy sought in a complaint. Accordingly, to the extent defendant seeks dismissal under Rule 12(b)(6), the motion will be denied.

---

[1] While this court has dismissed or considered dismissal of requests for punitive damages pursuant to Rule 12(b)(6) before, it appears that the issue of whether Rule 12(b)(6) was an appropriate procedural tool was not raised or considered in those cases. *See, e.g., Madison v. Acuna*, No. 6:12-cv-28, 2012 WL 4458510, at *7 (W.D. Va. Aug. 28, 2012) (dismissing a punitive damages claim without prejudice because of inadequate allegations); *Madison v. Acuna*, No. 6:12-cv-28, 2012 WL 6196450, at *4 (W.D. Va. Dec. 12, 2012) (denying defendants' request to dismiss plaintiff's punitive damages claim against one defendant following amendment of the complaint based upon adequate allegations); *Boone v. Brown*, No. 7:13-cv-230, 2013 WL 5416873, at *3 (W.D. Va. Sept. 26, 2013) (granting a motion to dismiss punitive damages without prejudice based upon inadequate allegations). Likewise, the Fourth Circuit has affirmed the dismissal of requests for relief pursuant to Rule 12(b)(6), but does not appear to have squarely decided whether Rule 12(b)(6) is an appropriate tool for such dismissal. *See, e.g., Francisco v. Doherty, Sheridan & Grimaldi, L.L.P.*, 178 F.3d 1283, 1999 WL 231790, at *2 (4th Cir. 1999) (unpublished table decision) (affirming, without discussion, the district court's Rule 12(b)(6) dismissal of claims for emotional distress damages and punitive damages).

Vest requests, in the alternative, that the court strike the requests for attorney's fees under Rule 12(f). The court concludes, however, that Rule 12(f) is likewise unavailable for this purpose. Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy . . . .'" *Waste Mgmt. Holdings, Inc., v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed. 1990)). Vest contends that the demand for attorney's fees is improper because Virginia law prohibits their recovery without a "specific contractual or statutory provision to the contrary." (Def.'s Mot. to Dismiss 2 (quoting *Chacey*, 781 S.E.2d at 360).) Facchetti counters that the issue of attorney's fees has some bearing on her claim for punitive damages. But even if it had no bearing on her punitive damages claim, and the references to attorney's fees were "impertinent" or "immaterial," the use of Rule 12(f) to dismiss the request would remain problematic.

As the Ninth Circuit discussed in *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010), an interpretation of Rule 12(f) that would allow the dismissal of all or part of a claim would create redundancies within the Federal Rules of Civil Procedure because Rule 12(f), and either Rule 12(b)(6) or Rule 56, would be alternative avenues to the same relief. Such a redundancy would be particularly troublesome because the different rules trigger different standards of appellate review.[2] "Applying different standards of review, when the district court's underlying action is the same, does not make sense." *Id. See also Brown v. Aetna Life Ins. Co.*, No. 3:13-cv-131, 2013 WL 3442042, at *4 (W.D. Tex. July 8, 2013) (redundancies are created

---

[2] The standard of review for Rule 12(b)(6) and Rule 56 motions is *de novo*. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (Rule 12(b)(6)); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (Rule 56). Conversely, courts review Rule 12(f) motions for abuse of discretion. *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x. 239, 246 (4th Cir. 2007) (unpublished).

4

particularly when a party seeks, under Rule 12(f), to strike damages because they are precluded as a matter of law; and doing so would allow the moving party a "procedural advantage" because of the different standard of review). Accordingly, the court concludes that Rule 12(f) is not a procedural tool available to strike a request for relief.

For the foregoing reasons, Vest's motion to dismiss, or, in the alternative, to strike, will be denied without prejudice to his ability to seek similar relief at a later time. The court cautions, moreover, that nothing in this order shall be construed as holding that Facchetti is entitled to recover attorney's fees in this action.

A separate order will be entered.

Entered: July 18, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

5

Case 5:15-cv-00049-EKD-JCH   Document 104   Filed 07/18/16   Page 5 of 5   Pageid#: 1021